United States District Court
Southern District of Texas
**ENTERED**
October 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY EUGENE USSERY, TDCJ #02204802, | § § § | |
| Petitioner, | § § | CIVIL ACTION NO. H-24-3071 |
| v. | § § | |
| R.P. SKIP CORNELIUS, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Roy Eugene Ussery (TDCJ # 02204802), is incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the W.P. Clements Unit in Amarillo. Ussery is currently serving a 35-year sentence in TDCJ for a state felony conviction. Ussery has filed a "Petition to Perpetuate Testimony" under Federal Rule of Civil Procedure 27 (the "Petition") (Docket Entry No. 1). Invoking Rule 27, Ussery seeks to depose the attorney who represented him in his state criminal case. Because Ussery has not paid the filing fee, the court assumes he intends to proceed in forma pauperis in this case. After considering the Petition and relevant law, the court concludes that the Petition must be denied. The reasons are explained below.

## I.  Background

As mentioned above, Ussery is an inmate currently confined by TDCJ at the Clements Unit.  Public records show that in 2018 Ussery was sentenced to 35 years in prison after being convicted of aggravated sexual assault of a child under six in Cause No. 145984601010 in Harris County.[1]  Attorney R.P. "Skip" Cornelius represented Ussery in his state criminal case.[2]   Ussery has separately filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 to challenge his conviction in Cause No. 145984601010, which is currently pending before Judge Charles Eskridge.[3]

By filing the instant Petition, Ussery seeks leave under Rule 27 of the Federal Rules of Civil Procedure to depose Cornelius because Cornelius is "terminally ill."[4]  Although Ussery asserts that he needs Cornelius's testimony for a "number of [future] suits" including lawsuits brought under the Federal Tort Claims Act, the False Claims Act, the Tucker Act, and "several other types of derivative suits[,]" Ussery is actually trying to challenge his

---

[1] See Inmate Info. Search, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05692977 (last visited Sept. 30, 2024).

[2] Petition, Docket Entry No. 1, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[3] See Ussery v. Lumpkin, Civil Action No. 4:22-cv-3614 (S.D. Tex., Houston Div.), Docket Entry No. 1, p. 2.

[4] Petition, Docket No. 1, pp. 3-5.

conviction in Cause No. 145984601010.[5] Ussery states that Cornelius's testimony is relevant for challenging his conviction.[6] Ussery argues that the "imminent death of deponent might cause testimony or evidence to be lost to litigant unless deposition is taken immediately without having to wait for a lawsuit or other proceeding to commence."[7]

## II. Analysis

To the extent Ussery is attempting to challenge his state court conviction in Cause No. 145984601010 by filing the instant action, he may not do so. The Supreme Court has characterized the writ of habeas corpus as the sole federal remedy for prisoners challenging the "fact or duration" of their confinement by seeking relief in the form of immediate or expedited release from custody. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973); see also Muhammad v. Close, 124 S. Ct. 1303, 1304 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ."). Ussery has already filed a federal habeas petition challenging his state court conviction that is pending before another judge of this court; he is not permitted to collaterally attack his conviction in this action.

---

[5] See id. at 2-15.

[6] Id. at 16.

[7] Id.

Additionally, Ussery has not shown that he is entitled to relief under Rule 27 of the Federal Rules of Civil Procedure. "Rule 27(a) creates a 'separate ancillary or auxiliary proceeding' to perpetuate testimony for use in an expected action cognizable in federal court." Hall v. Ford Motor Co., Miscellaneous No. 5:21-MC-0051, 2021 WL 4037495, at *1-2 (W.D. La. Sept. 3, 2021) (citing Shore v. Acands, Inc., 644 F.2d 386, 389 (5th Cir. 1981)). Rule 27 provides:

> **(a) BEFORE AN ACTION IS FILED.**
>
> **(1)** *Petition.* A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
>> **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>>
>> **(B)** the subject matter of the expected action and the petitioner's interest;
>>
>> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>>
>> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>>
>> **(E)** the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a). "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost, and where the court is satisfied that

perpetuation of the testimony may prevent a failure or delay of justice . . . ." Hibernia National Bank v. Robinson, 67 F. App'x 241, 2003 WL 21108502, at *1 (5th Cir. 2003) (per curiam) (internal quotation marks and citations omitted). "Rule 27 affords relief only to those petitioners seeking to 'perpetuate testimony.' It is well-established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint." In re Ramirez, 241 F.R.D. 595, 596 (W.D. Tex. 2006). Rule 27 is restricted to "only . . . that special category of cases where it is necessary to prevent testimony from being lost." Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975)).

Ussery has not met the criteria for perpetuating an action under Rule 27. First, Ussery has not shown that he "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought." See Fed. R. Civ. P. 27(a)(1)(A); Reger v. Walker, 312 F. App'x 624, 625 (5th Cir. 2009) (per curiam) (finding that state prisoner who was appealing the denial of a Rule 27 petition to perpetuate testimony so that he could challenge his state murder conviction did not make the required showing that he expected to be a party to an action cognizable in a court of the United States). His conclusory allegation that he needs Cornelius's testimony for a "number of [future] suits" including lawsuits brought under the Federal Tort Claims Act, the False Claims Act, the Tucker Act, and "several

other types of derivative suits[,]" is not sufficient to demonstrate the need for the testimony. See In re Ramirez, 241 F.R.D. at 596 (finding that conclusory statements are not sufficient to invoke Rule 27). Second, Ussery has not explained the specific facts he wants to establish by the proposed testimony. See Fed. R. Civ. P. 27(a)(1)(C). Ussery seemingly wants to depose Cornelius on the matter of his entire criminal prosecution, trial, and sentence. Rule 27 cannot be used as a fishing expedition. See In re Ramirez, 241 F.R.D. at 596 ("It is well-established in case law that perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint.") (citing Ash, 512 F.2d at 912).

Last, Ussery also does not demonstrate that the testimony of Cornelius is in danger of being lost if he is not allowed to depose him now. See In re Caraway, 303 F. App'x 220, 221 (5th Cir. 2008) (per curiam). In the Petition Ussery alleges that Cornelius is terminally ill and in support cites a letter Cornelius wrote him that is attached to a pleading in a federal case in the Northern District of Texas, Ussery v. Unincorporated Association of R.P. 'Skip' Cornelius, Civil Action No. 2:24-128 (N.D. Tex., Amarillo Div. Aug. 21, 2024).[8] However, in the letter referenced by Ussery — which is dated November 8, 2022 — Cornelius writes that he has retired, that he was diagnosed with Lymphoma in March of 2022, and

---

[8] See Petition, Docket Entry No. 1, p. 3.

that he has been undergoing chemotherapy treatments.[9] Ussery's subjective belief that Cornelius may soon pass away is insufficient to warrant the perpetuation of the testimony Ussery seeks. Accordingly, based on the foregoing, the Petition will be denied.

### III. Conclusion and Order

1. Roy Eugene Ussery's Petition to Perpetuate Testimony (Docket Entry No. 1) is **DENIED**.

2. Any pending motions are **DENIED AS MOOT**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 3rd day of October, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[9] See Ussery v. Unincorporated Association of R.P. 'Skip' Cornelius, Civil Action No. 2:24-cv-128-Z-BR, Docket Entry No. 4-1, p. 8 (N.D. Tex., Amarillo Div. Aug. 21, 2024).